## BOGART and another *against* DE BUSSY.

Where an a-greement, under seal, was made between A. and B. (as attorneys of C.) and D. for the conveyance of land to D. on the payment of a certain sum of money by D. and A. and B. brought an action for a breach of covenant, in their own names, against D. it was held, that an agree-ment, purport-ing to be made by a person, *as attorney* for an-other, is void, and no action can be main-tained on it; and that if the agree-ment was to be considered as made with C. the principal, then the suit should have been in his name, so that, in any way, the plaintiffs could not recover.

THIS was an action for a breach of covenant. The declaration stated, that by an agreement, made the 7th *March*, 1807, between the parties, the plaintiffs, as attorneys to *Simon Laurentius*, in consideration of 3,130 dollars, to be paid by the defendant, to the plaintiffs, as follows, *viz.* 1,565 dollars on or before the first of *May* next ensuing, and the residue to be secured by bond and mortgage, payable in two annual payments, from the 1st of *May*, agreed to execute a good and sufficient conveyance in the law, to the defendant, of the farm in possession of *Jan Myer*, in *Trenton*, in *Oneida* county, containing 127 acres. The plaintiffs then say, that although they have well and truly performed all things on their part to be performed, yet protesting, that the defendant has not performed any thing, they aver, that they, on the said 1st of *May*, and at all times before

and since, were ready and willing to execute and deli-
ver a good conveyance, &c. and that the defendant did
not pay to them the 1,565 dollars, on the said first day
of *May*, nor before or since, and that on that day the
said 1,565 dollars were due, and payable by the defend-
ant to them, by virtue of the said agreement, and still
is due, and so they say, &c.

The defendant pleaded, 1. *Non est factum.* 2. That
the defendant has, at all times, been ready to perform,
on his part, but that the plaintiffs had not, on or before
the said 1st day of *May*, or at any time afterwards, any
estate in the said farm, &c. or any lawful authority from
*Simon Laurentius*, to execute to the defendant a good
conveyance of the same, and this he is ready to verify,
&c. 3. That the defendant has, at all times, been
ready, &c. but that *Simon Laurentius*, and *Christiana
Charlotta*, his wife, on the 23d of *June*, 1800, by inden-
ture, in consideration of 900 dollars, to them paid, by
*Adam Gerard Mappa*, *Paul Busti*, and *Roelef Van Stap-
horst*, jun. sold to them, in fee, the said farm, on condi-
tion that the estate should be void upon the payment of
the 900 dollars, on the 23d *June*, 1805, with interest
yearly; and the defendant avers, that the 900 dollars,
were not paid, nor have been since paid, by means
whereof the estate of the said *Mappa* and others, be-
came absolute; and so the plaintiffs could not, on the
said 1st of *May*, 1807, nor before, execute a good con-
veyance, &c. and this he is ready to verify, &c.

The plaintiffs replied, to the second plea; protesting,
that the defendants had not, at all times, been ready,
&c. that they had, on the 1st of *May*, 1807, by virtue
of a letter of attorney, made 16th *April*, 1803, by *Si-
mon Laurentius*, an estate and interest in the said farm,
and lawful authority, as attorneys aforesaid, to execute
a good conveyance of the same to the defendants, in
fee, and this they pray may be inquired of by the coun-
try, &c. To the 3d plea, that although it was true, that

CASES IN THE SUPREME COURT

*Laurentius* and his wife did execute the mortgage, &c. as alleged, yet at the time of executing the said articles of agreement, to wit, on the 7th *March*, 1807, the plaintiffs gave notice to the defendant, of the said mortgage, and that it was then expressly agreed between them, that the sum due on the mortgage should be satisfied by the plaintiffs, out of the moneys to be first paid by the defendant, in pursuance of the said agreement, *without that*, that by reason of the non-payment of the mortgage moneys, the said estate became absolute in the mortgagees, &c. and further, that they could, on the said first day of *May*, 1807, and before, execute a good conveyance in the law, to the defendant, for the said farm, and this they are ready to verify, &c.

There was a general demurrer to this last replication and joinder.

The cause was submitted to the court, without argument.

*Per Curiam.* The agreement upon which the suit is brought, was made with the plaintiffs, as attorneys for *Simon Laurentius*, and they executed it as attorneys. If the covenant is to be considered as made with *Laurentius*, the principal, the suit ought to have been brought in his name. If, however, it is to be considered as made by and with the attorneys, in their own names, as attorneys, then the whole agreement is void, and no action can be maintained upon it. (*Frontin* v. *Small*, 2 Ld. *Raym.* 1418. *Com. Dig.* tit. *Attorney*, c. 14.) So that, *quacunque via data*, judgment must be for the defendant.

Judgment for the defendant.