## Case No. 10,082a.

### NEELY v. ROBINSON et al.

[Hempst. 9.] [1]

Circuit Court, D. Arkansas. Oct., 1821.

EXECUTORS AND ADMINISTRATORS—SUIT BY ATTORNEY IN FACT FOR BENEFIT OF ESTATE.

An attorney in fact of an executor or administrator cannot maintain suit in his own name for the benefit of the estate.

Appeal from the Arkansas circuit court.

[This was a suit by William Neeley against Robinson and others.]

Before SCOTT and SELDEN, JJ.

OPINION OF THE COURT. In this case it would be useless to give an opinion at length, as the law which governs it has been long and uniformly settled. We do not think that the attorney in fact of an executor or administrator can maintain an action for the benefit of the estate in his own name, in any instance, and therefore the demurrer, setting forth this ground to defeat the action, should have been sustained. Reversed.

NOTE. An agent cannot sue in his own name, where the legal interest is in his principal. Pigott v. Thompson, 3 Bos. & P. 147; Gunn v. Cantine, 10 Johns. 388; Devers v. Becknell, 1

---

[1] [Reported by Samuel H. Hempstead, Esq.]

Mo. 333; Brackney v. Shreve, Coxe [1 N. J. Law] 33; Toland v. Murray, 18 Johns. 24.

An action cannot be maintained in the name of a mere agent of a corporation. Gilmore v. Pope, 5 Mass. 491.

An agent of the United States cannot prosecute an action of assumpsit in his own name, where the interest is in the United States. White v. Bennett, 1 Mo. 102; Bainbridge v. Downie, 6 Mass. 253.

An agent who makes a contract in behalf of another cannot maintain an action thereon in his own name either at law or in equity. Whitehead v. Potter, 4 Ired. 257.

In general, a mere servant or agent with whom a contract is expressed to be made on behalf of another, and who has no direct beneficial interest in the transaction, cannot support an action thereon. 1 Chit. Pl. 7; Bogart v. De Bussy, 6 Johns. 94; Jones v. Hart's Ex'rs, 1 Hen. & M. 470.