Curia, per Savage, Ch. J.
The question is, whether the defendant is liable personally on this contract. That J. & E. Baymond are not liable on the contract, there can be no doubt. When an agent or attorney contracts on behalf of his principal, he must do so in the name of the principal, or the latter is not bound. (9 Co. 76, 77, Combes’ case.) When'any one has authority, to do an act, it should be done in the name of him who gives the authority; not in the name of the attorney. All the subsequent cases agree "in tho law as thus laid down by Coke. There is no contradiction on the subject. The contract, then, not being made with the Eaymonds, is it obligatory upon the defendant; or is it merely void ?[1]
The defendant describes himself as agent of J. & B.. Baymond. Had the contract been in the name of the Bay *454-1 monds, and hy their authority, it would have been their contract: and there would have been no liability upon the , agent
But the agent, to excuse himself, should show a liability upon his principal: a doctrine which has been often recognized by this court. (13 John. 66; 19 John. 63; 1 Cowen, 536.) A leading case on this subject is White v. Skinner, (13 John. 307.) In that case, Platt, justice, who delivered the opinion of the court, says, “ The defendant represented himself, and assumed to act as the agent of the directors of the manufacturing company. He is now sued in his private individual capacity; and, to exonerate ^himself, he was bound to aver and prove that he had authority to seal for his co-directors.”
There are many cases which maintain the doctrine that recourse is to be had to the contract itself, to ascertain whether credit was given to the principal or agent; and whether the agent intended to become personally responsible. Where credit is given to the agent; and where he evidently intended to be personally responsible, an action lies against him in his individual character. (15 John. 3; 1 T. R. 181.) Whatever authority, the signer may have to bind another, if he does not sign as agent or attorney, he binds himself, and no other person. (11 Mass. Rep. 29.) So also, it is said, “If a factor enter into a charter party with a master, for freightment, the contract obliges him.” (Molloy, 496; 2 Atk. 622.) Generally speaking, an agent of the public, who contracts in his public capacity, is not personally responsible; but no doubt the contract may be so drawn as to make him liable personally, even in that case. In Hodgson v. Dexter, (1 Cranch, 345,) the defendant covenanted as secretary of war, for himself and his successors ; but the defendant in this case binds and obliges himself, his executors and administrators. There is no covenant on behalf of the Baymonds, that they shall pay; but that the defendant, as their agent, will pay. The words “ as agent” do not constitute the defendant the agent of the Baymonds. At most, they are mere description. In Appleton v. Binks, (5 East, 147,) the court said, it was impossible to *455 contend, that when one covenants for another, he is not bound by it, the covenant being in his own name, for himself, his heirs, &c.
In this case the covenant is the defendant’s own.
The case of Frontin v. Small, (2 Ld. Ray. 1418, and Str. 705,) is supposed to establish the doctrine, that all contracts made by an attorney in his own name are void. In that case the attorney undertook to lease property belonging to his principal; and executed the lease, not in the name of the owner, but in the name of himself; showing upon the face of the instrument, that it conveyed nothing. There was, therefore, no consideration for the covenant to *pay rent. The case of Bogert v. Bussey, (6 John. 94,) w'as decided on the same principle. The attorneys had not executed a conveyance; but obligated themselves to do an act which they, and all parties concerned, knew would be void. The instrument itself was, therefore, held void. The present does not belong to that class of cases; but to those where the attorney assumes a personal responsibility in relation to the concerns of his principal, if the defendant is considered an attorney for the Raymonds; and if not, then the covenant is clearly his own. The plaintiff is entitled to judgment on the demurrer; with leave to amend.
Rule accordingly. ■
Sutherland, J., not having heard the argument, gave no opinion.

 In order to make the covenants in a sealed instrument, executed by an agent, the covenants of the principal, the agreement must be executed in his name, under his seal, and it must purport to be his deed; but in simple contracts not under seal, it is sufficient if the intent to bind the principal appear in any part of the instrument. Stanton v. Camp, 4 Barb. 274.
An agent, it seems, is personally liable on a contract made by him without disclosing his principal, whether the latter be a foreigner or not. Taintor v. Prendergast, 3 Hill, 72.
The principal, however, when discovered, may also be made liable on the contract, though a foreigner; except where a clear intent is shown to give an exclusive credit to the agent. Ib.
An auctioneer, acting as the agent of another in the sale of property, is personally responsible as vendor, unless at the time of the sale he discloses the name of his principal; his general employment as auctioneer is not per se notice that he acts as agent. Mills v. Hunt, 20 Wen. 431.
It seems that even when an agent discloses the name of his principal, he is personally liable where he signs in his own name a written contract, which does not upon its face show that he contracts as agent. Ib.
An agent, to free himself from personal liability, must make known his character as agent, so as to give a remedy against his principal. Mauri v. Hefferman, 13 J. R. 58. Taintor v. Prendergast, 3 Hill, 72.
And if the agent discloses the name of his principal at the time of making the contract, and contracts on his behalfj he will not be personally liable. Rathbone v. Bublong, 15 J. R. I. (4 N. Y. Dig., p. 872.)
See Waterman’s Am. Ch. Dig., vol. 1, tit. Agent and Principal.