NOAH WEBSTER *vs.* J. J. BROWN AND CHARLES B. HAMMETT.

A mortgage of land contained a power authorizing the Sheriff, in case default of payment should be made, to sell the land to the highest bidder, make him titles, and satisfy the mortgage debt out of the proceeds of the sale. Default was made, and the Sheriff sold the land, and made a deed of convey-ance to the purchaser in his own name, reciting therein that he sold by vir-tue of the power given by the mortgage : *Held*, That the deed did not trans-fer the estate of the mortgagor to the purchaser.

A deed made under a power of attorney, must be executed and delivered in the name of the principal.

A creditor is entitled to the benefit of all securities given as indemnity by the principal debtor to his sureties, and to be subrogated to their rights therein ; but this equity does not enable the creditor to maintain trespass, to try ti-tle against a purchaser from the mortgagor to recover the possession of land mortgaged by the principal debtor to his sureties to indemnify them.

BEFORE ORR, J., AT SPARTANBURG, SPRING TERM, 1870.

Appeal by the plaintiff from a judgment for the defendant. The facts of the case relating to the question decided by this Court are stated in the judgment of the Court.

*Bobo, Carlisle, McKissick,* for appellant.

*Evans & Duncan,* contra.

May 29, 1871.   The opinion of the Court was delivered by

MOSES, C. J.   The action is trespass to try title. The plaintiff can only recover by the force of his title, and if this is defective in any material link of his whole chain, he must fail.

We shall, therefore, only consider the effect of the deed of Jan-uary 13, 1868, executed by J. H. Blassingame, Sheriff of Spartan-burg District; for, if this is inadequate to convey the right in the land to the plaintiff, he cannot recover in this action, no matter how insufficient may be the title of the defendants.

It appears that the fee in the land in controversy was, on the 16th of June, 1863, in the plaintiff, Webster. On that day he conveyed all his right and interest to Lee L. Smith, who executed two notes for the purchase money, with Abner E. Smith and Jennet Shipley as sureties.   At the same time the grantee executed a mortgage of the premises (which were situated in the District of Spartanburg,) to the said sureties, for the purpose of protecting the payment of the note, with a condition that if he paid them off as they became due, with all interest and costs, it was to be null and void.   The mortgage

contained a further stipulation, that if the mortgagor failed to pay the said notes when the last of them fell due, the Sheriff should advertise and sell the land to the highest bidder, make titles to the purchaser, and pay as much of the proceeds of the sale as would satisfy the notes with the costs for selling.

On the 28th of December, 1864, Lee L. Smith conveyed the same land to the defendant, Hammett, and the said Abner E. Smith joined in the deed. Jennet Shipley, the other surety, died in 1867, intestate, and the plaintiff, Webster, administered on her estate. Some time during the latter part of the same year, the notes being unpaid, he, as such administrator, with Bobo & Carlisle, styling themselves "attorneys for E. A. Smith," endorsed on the mortgage a direction of which the following is a copy :

"The Sheriff of Spartanburg District will sell the property described within by virtue of the power given within."

John H. Blassingame, then being Sheriff of Spartanburg District, on the 6th of January, 1868, after three weeks' advertisement, sold the mortgaged premises to the plaintiff, (he being the highest bidder,) and on the 13th of the same month executed a deed to him of the same, reciting in it that he sold "by virtue of the authority" given in the said mortgage. He binds himself and his heirs to warrant and defend all and singular the said premises to the said Webster and his heirs against all persons lawfully claiming the same under him or his heirs.

If the said deed conveyed the title of the mortgagor, Lee L. Smith, to the plaintiff, it might be necessary to enquire how it stood affected by the action of the sureties in regard to the mortgage and the rights to which the plaintiff may be entitled under it. Not doubting, however, that the deed conveyed no title from Lee L. Smith to him, it is not our purpose to discuss or decide any of the other points made, so that the parties may be without prejudice, should he pursue his supposed rights in such other form as he may be advised.

Title to real estate can only be transferred by deed from him who is vested with the fee. It may be directly from himself, or through an authorized attorney on his behalf. It must, however, in either form, be by his act. The power under the mortgage, to the Sheriff, "to sell and make title," can be regarded only as the creation of an agency. The deed, however, to the plaintiff does not purport to be that of the mortgagor under whose authority the Sheriff acted, but is executed by him in the same manner as if he had

been vested with the fee, and proposed by the instrument a transfer of it. He actually binds himself and his heirs by a covenant of warranty, and affixes his own name and seal. To enable him to convey whatever title may have been in Lee L. Smith to the plaintiff, Blassingame should first have held title under or through him. Smith might have transferred his title to Blassingame, coupled with a power to sell and apply the proceeds of the sale; but this he has not done. Under the Act of 1791, while in possession, he retained the title in himself; and if he had executed a deed, or if his agent had so done, in the name of the principal, by such agent, whatever title he had would have passed to the purchaser. It is not necessary that the formal mode usually employed when an agent signs an instrument, by virtue of the authority of his principal, should be pursued. If the fact appear on the face of it, or from a proper construction of all its parts, that will be sufficient.

"The execution and delivery of a deed must be in the name of the principal; and if it be the execution of the agent only, it is void as to the principal; as where the King granted authority to one to make leases, a lease made by him in the King's name, but *executed* by himself, was held void, for the execution ought to have been with the King's seal; thus the King, by A. B., puts his seal," &c.—Moore Pl., 108.

In *Coombes'* case, 9 Co., 76, it was resolved " that when any one has authority, as attorney, to do any act, he ought to do it in his name who gives the authority; for he appoints the attorney to be in his place, and to represent his person; and, therefore, the attorney cannot do it in his own name, nor as his proper act, but in the name and as the act of him who gave the authority."

"If attorneys have power by writing to make leases by indenture for years, &c., they cannot make indentures in their own names, but in the name of him who gives him warrant."

This ruling was adopted in *Frontin* vs. *Small*, 2 Lord Raymond, 418; *White* vs. *Cuafer*, 6 T. R., 176, and many other English cases.

*Elwell* vs. *Shaw*, 16 Mass., 42, presented the following facts: Jonathan Elwell, by deed, constituted Joshua Elwell his attorney, for him and in his name to sell real estate, and in his name to execute such deeds and instruments with such covenants as he shall deem expedient and necessary, thereby ratifying and confirming whatever he might do in the premises. Joshua conveyed the premises to a party in fee, correctly reciting the letter of attorney in the deed, adding, that " in testimony

thereof I have hereunto set the hand and seal of the said Jonathan, this," &c., and signing his own name opposite to the seal. The Court held that it was invalid to pass the fee, and that the objection was "supported by all the adjudged cases relating to the point."

In *Lessee of Clark* vs. *Courtenay et al.*, 5 Pet., 349, Story, J., delivering the opinion of the Court, says: "It is certain that Coombes' case has never been departed from, and has often been acted upon as good law," and applied it to the case before him, in which the question arose as to the validity of a deed intended to convey land, and executed under a power of attorney, in the name of the attorney. He adds, "the act does not, therefore, purport to be the act of the principals, but of the attorney. It is his deed and his seal, and was not theirs. This may savor of refinement, since it is apparent that the party intended to pass the interest and title of his principals. But the law looks not to the intent alone, but to the fact whether that has been executed in such a manner as to possess a legal validity."—See also *Wells* vs. *Owens*, 20 Wend., 251 ; *Bogard* vs. *DeBussey*, 6 John., 94.

In our own Courts, in *Prior* vs. *Holden*, 1 Bail., 517, and *Welsh* vs. *Parish, Miller & Co.*, 1 Hill, 154, the same doctrine is held, and the authority of Coombes' case, which it is said laid the foundation for the rule which has been followed ever since, was recognized to its fullest extent. The objection is so conclusive that it is not necessary to consider what title the plaintiff would have held, under all the circumstances developed on the trial, even if the deed had been so executed as to carry out its intent.

There is no doubt, as contended by the appellant, that the creditor is entitled to the benefit of all securities or pledges in the hands of the surety which were designed to indemnify him, and has the right to be subrogated to such interests. Though the doctrine is an equitable one, still it will be enforced in a Court of law in a proper case. Of what value is the principle to the plaintiff here. It can never operate to clothe the creditor with the legal title to property which is held by the surety as indemnity for the liability which he has incurred. All that the creditor can do is by a proper proceeding to compel the surety, where the debt is unpaid by the principal, to apply it to the purpose for which it was designed. The plaintiff, however, instead of doing this, preferred to stand on his legal title, and this is not strong enough to sustain him.

The motion is refused, and the appeal dismissed.

*Willard*, A. J., and *Wright*, A. J., concurred.