By the Court.—Van Vorst, J.
The defendant, on March 2, 1876, signed a writing, indorsed on the lease, under which he had held the premises several years, in these words: “The within lease is hereby renewed for the further term of one year, to commence on May 1, 1876, at the yearly rent of two thousand four hundred dollars, other covenants and conditions to remain as before.”
This is a formal and effective agreement, binding upon the defendant to take the premises for one year, at the rent mentioned, and subject to the covenants and conditions he was before under. The defendant has nob paid the full amount of the rent called for in the agreement. He claims, however, that there was a subsequent agreement by which the rent was reduced.
*77 The verbal arrangement, claimed to have been after-wards made with De Lancy Mcoll, the plaintiff’s agent, to take a less sum, if it was proven, is wholly inoperative. Mcoll denies that he agreed to accept a less Sum, unless the rent was promptly paid, and he testifies it was not.
But whether he so agreed or not, it would not bind the principals, for the reason that it was made without authority, and was founded on no adequate consideration. But receipts were signed accepting a less sum in full as the rent fell due from time to time. The receipts were not signed by the principals, but by the agents. Under such circumstances, as no authority to accept a less sum was shown, the acts of the agents would not discharge the moneys still unpaid. But in any view, the acceptance of a smaller sum, when a greater is due, does not discharge the real indebtedness (Dederick v. Leman, 5 Johns. 333; Ryan v. Ward, 48 N. Y. 204).
The rule is, however, otherwise, where the amount of the indebtedness is in dispute, and a compromise is agreed upon (Bunge v. Koop, 48 N. Y. 228). There could be no dispute here, as the true amount of the rent was fixed by the writing of March 2, 1876.
When the lease of 1873, upon which the indorsement in 1876 was made, was offered in evidence, it was objected to by defendant’s counsel, on the ground that it was not made in the names of the. plaintiffs.
It was, however, received, and the defendants excepted.
The learned counsel for the defendant takes the point that the plaintiffs cannot maintain an action for the rest. He urges that William and E. A. Cruikshank are the landlords, as appears by the original lease, and that the word “agents,” which follows their names, is descriptive merely.
The lease in evidence is executed by the defendant *78 only. By whom, the counterpart was executed does not appear. It may be that it was so executed as to obviate any objection of the nature of the one now considered. From the fact that it was not produced by the defendant, in whose possession it is presumed to be, it may be inferred that it was executed in a form to bind the plaintiffs. But however that may be, we have now to do with the indorsement made in March 2, 1876, signed by the defendant, which gives occasion to this action, and which in effect draws to itself the covenants and conditions of the old lease. There is evidence in the case that Cruikshank and De Lancy Mcoll, in their action, merely represented others. That seems to have been understood, and the engagement arising from the indorsement of March 2, 1876, must be construed to have been made with those legally entitled to let the premises, and to be enforced by them.
The defendant’s counsel has cited several cases to show that all contracts must be made in the name of the principal and not of the agent, and that when they are not so made, although the agent may be, the principal is not bound ; among which are Kiersted v. Orange & Alexandria R. R. Co. (69 N. Y. 343); Stone v. Wood (7 Cow. 453); Spencer v. Field (10 Wend. 88); Townsend v. Hubbard (4 Hill, 351); De Witt v. Walton (5 Seld. 571). But, as already observed, it does not appear in what manner, on the part of the lessors, the lease was executed. And as the plaintiffs are now shown to be the persons entitled to make the lease, and to the rents, we may presume it was well executed on their behalf.
But while it may be true that when an agent enters into a contract under seal in his own name, he does not bind his principal, by its terms, and the principal may be unable to enforce it in his own name, yet a principal may be charged where a written parol con *79 tract, entered into by an agent in Ms own name, witMn Ms authority, although the name of the principal does not appear in the instrument (Briggs v. Partridge, 64 N. Y. 357, 362).
The engagement for letting and hiring the premises in question for one year was not required to be in writing, and the defendant’s obligation was not under seal.
He, in fact, made the engagement with persons who, as he understood at the time, were acting for others. And we conclude that the principals, the real parties in interest, are properly in court, to enforce the defendant’s engagement, made with them through the agency of Cruikshank and Nicoll.
We discover no error in the refusal of the judge to charge as requested by the defendant’s counsel, nor to the charge as made.
The plaintiffs’ claim to allowance for any part of the repairs made by them, was rejected by the jury under the judge’s charge ; the defendant being held only for the rent in arrear, and the Croton Water tax.
The defendant was not justified in his attempt to surrender the premises by the terms of the original letting. Nor was such attempted surrender accepted by the plaintiffs. The effect of the verdict of the jury is only to impose upon the defendant the payment of rent according to Ms engagement, and nothing more, and in that we fail to see any injustice. The judgment and order denying a motion for a new trial, from which this appeal is taken, are affirmed, with costs.
Speir, J., concurred.