(112 App. Div. 160)

## In re AMSTERDAM AVE.

### BAKER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. EMINENT DOMAIN—LANDS FOR STREETS—COSTS—EXTRA ALLOWANCE—STATUTES.

The Greater New York Charter (Laws 1901, p. 1, c. 466) authorizes the condemnation of land for street purposes, and section 1436c (page 609) provides that if the owner, at any time before proof of value is submitted to the commissioners, submits a written offer to the board of estimate and apportionment to sell his interest in the land at a specified price, and such offer is not accepted before proof of value is submitted, and the compensation awarded exceeds the offer, the owner making the same shall be entitled to his taxable costs and disbursements as in an action, and in the discretion of the Supreme Court to an extra allowance of 5 per cent. *Held*, that an offer made under such section by one purporting to act as attorney for the owner, unaccompanied by proof that he was in fact the attorney of the owner and was authorized by him to make the offer, did not constitute a compliance with such section, and did not entitle the owner to costs and extra allowance thereunder.

**2. ATTORNEY AND CLIENT—ATTORNEY—IMPLIED AUTHORITY.**

An attorney under a general retainer ordinarily has no implied authority to bind his client by a contract to sell land.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 141.]

**3. EMINENT DOMAIN—LANDS FOR STREETS—CONDEMNATION—OFFER OF SALE—REJECTION.**

Pending proceedings to condemn land for street purposes under the Greater New York charter, an attorney served on the corporation counsel a notice of appearance in the proceeding as attorney for another, who claimed to own certain lands, including the parcel for which an award was subsequently made to B. Several days after the filing of such notice the same attorney, as alleged attorney for B., filed an offer, unaccompanied by proof of his authority, to sell the land to the city for a specified price. *Held*, that such offer was properly rejected by the commissioners of estimate and apportionment, as the attorney's notice of appearance operated, at least so far as he was concerned, as notice to the city that B.'s land was claimed by another whom the attorney represented.

Appeal from Special Term, New York County.

Proceedings by the city of New York to acquire title to certain lands on the easterly side of Amsterdam avenue, between 139th and 140th streets, alleged to belong to one John O. Baker. An award was made in favor of Baker. From an order taxing costs and granting an extra allowance in his favor, the city appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Theodore Connoly, for appellant.

Joseph A. Flannery, for respondent.

McLAUGHLIN, J. Proceedings were instituted by the city of New York to acquire title to certain lands on Amsterdam avenue, between 139th and 140th streets, owned by the respondent, Baker. After the commencement of such proceedings, an offer was made under section 1436c of the Greater New York charter (Laws 1901, p. 609, c. 466) to sell this land to the city for the sum of $110,000. The offer was dated January 9, 1905, and was signed, "John O. Baker, by Joseph A. Flannery, His Attorney." The offer was rejected, and title subsequently acquired by the city, for which an award was made to Baker of $111,000. Thereafter a motion was made on behalf of Baker, under section 1436c of the Greater New York charter, to tax his costs in the proceeding and for an extra allowance. This section provides, among other things, that:

"In all cases where the owner of lands selected as aforesaid, or any part thereof, is not under legal disability to convey title to real property, such owner may, at any time before proof of value is submitted to the commissioners * * * submit a written offer to the board of estimate and apportionment to sell and convey such owner's land or interest therein at a specified price. * * * If such written offer is not accepted before proof of value is submitted * * * and the compensation awarded thereafter * * * exceeds the price specified in such offer, such owner making such offer shall be entitled to his taxable costs and disbursements as in action and in the discretion of the Supreme Court, upon application made at Special Term thereof, to an additional allowance of a sum of money not exceeding five per centum upon the amount of such offer, but in no event more than $2,000."

The motion was granted, and the costs directed to be taxed as in an action, together with an extra allowance of $500, and the city has appealed.

To entitle the owner of land, which is proposed to be taken by the city, to costs under the section of the charter referred to, he must make an offer to sell before proof is given as to the value of the land, and then the amount awarded must be in excess of his offer. Here the award, it is true, was in excess of the offer; but the offer did not comply with the section of the charter, nor come within its provisions. It was not made by Baker, the owner, but by one who represented himself to be his attorney. The section does not provide for an offer by an attorney; but by the owner of the land; and, while I am of the opinion that an attorney can make a valid offer under this section, he can only do so by presenting proof at the time the offer is made that he is in fact the attorney of, and has been authorized by, the owner to make the offer. The section clearly contemplates that an offer, when made, shall be in such form that, if accepted by the city, it can be enforced by specific performance or otherwise; and this offer could not have been enforced, because there was no proof presented that Flannery had any authority to make it. An attorney ordinarily has no implied power to bind his client by contract (Bogart v. De Bussy, 6 Johns. 94), and a general retainer does not authorize him either to sell or purchase property (Averill v. Williams, 4 Denio, 295, 47 Am. Dec. 252, or release, compromise, or settle a cause of action (Barrett v. Third Ave. R. R. Co., 45 N. Y. 628), or to satisfy a judgment without full payment (Mandeville v. Reynolds, 68 N. Y. 528; Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462, 34 Am. Rep. 550), or to make an offer of judgment (Bush v. O'Brien, 164 N. Y. 205, 58 N. E. 106; Riggs v. Waydell, 78 N. Y. 586; Stone v. Bank of Commerce, 174 U. S. 412, 19 Sup. Ct. 747, 43 L. Ed. 1028). In the Bush Case it was held that the corporation counsel of the city of New York had no power, either by virtue of his retainer or under the charter, to make an offer of judgment in an action against the city. In the Riggs Case it was held that an offer of judgment, signed by the defendant's attorney, to which no affidavit showing his authority to make it was annexed, was invalid. If an attorney in an action cannot make an offer of judgment without proof of his authority, much less can he make a valid offer, without proof of his authority, to transfer the title to land. Here, as we have already seen, there was no proof accompanying the offer that Flannery had authority to make it, and upon this ground alone the offer was properly rejected.

The commissioners were also justified in rejecting the offer, because Flannery, several days prior to the time the offer was made, had served upon the corporation counsel a notice of appearance in the proceeding as the attorney for one Barney, who claimed to own certain lands, which included the parcel for which an award was subsequently made to Baker, so that at the time the offer was made, not only was there no proof that Flannery had authority to make it, but there was a least notice, so far as Flannery was concerned, that title to Baker's land was claimed by another person whom he represented.

If the foregoing views be correct, then it follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.