In re SCONE. (Supreme Court, Appellate Division, First Department. April 24, 1908.) In the matter of Margaret Scone, deceased. No opinion. Decree affirmed, with costs. Order filed.

---

In re SCONE. (Supreme Court, Appellate Division, First Department. May 15, 1908.) In the matter of Margaret Scone, deceased. No opinion. Order resettled.

SCOTT, Respondent, v. CURTIS et al., Appellants. (Supreme Court, Appellate Division, First Department. May 29, 1908.) Action by William Scott against Grove D. Curtis and another. F.. V. Johnson, for appellants. W. Arrowsmith, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

McLAUGHLIN, J., dissents.

SCOTT, Appellant, v. NAUSS BROS. CO., Respondent. (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Adelaide E. Scott, as administratrix, against the Nauss Bros. Company. G. H. Culver, for appellant. F. Hulse, for respondent. No opinion. Order affirmed, with costs. Order filed.

---

In re SECOND AVE. AND THIRTY-SIXTH ST., IN BOROUGH OF BROOKLYN, CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. May 1, 1908.) In the matter of acquiring title by the city of New York to certain lands under water at Second avenue and Thirty-Sixth street, in the borough of Brooklyn, in the city of New York. No opinion. Order reversed, without costs, and motion denied, with costs, on the ground that the offer, which was prerequisite to the granting of an allowance, being made by the attorney, was insufficient. In re Baker, 112 App. Div. 160, 98 N. Y. Supp. 331.

SHATTUCK v. GUARDIAN TRUST CO. (Supreme Court, Appellate Division, First Department. May 15, 1908.) Action by Edwin P. Shattuck against the Guardian Trust Company. No opinion. Motion denied, with $10 costs. Order filed.

---

SHEA v. BERGEN et al. (Supreme Court, Appellate Division, Second Department. May 8, 1908.) Action by Joseph Shea, against George P. Bergen, as executor, etc., of Ann Shea, deceased, and individually, impleaded with Charles J. Campbell and others. No opinion. Order affirmed, with $10 costs and disbursements. See 110 N. Y. Supp. 572.

SHEEDEE v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Kate Sheedee against the city of New York. From an order granting a motion for a new trial on the ground of newly discovered evidence, defendant appeals. Reversed, and motion denied. Royal E. T. Riggs, for appellant. Edward J. Maxwell, for respondent.

PER CURIAM. We think that a sufficient case for a new trial upon the ground of newly discovered evidence has not been made out. The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

In re SHEEHAN. (Supreme Court, Appellate Division, First Department. May 29, 1908.) In the matter of Dennis E. Sheehan. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

SHILLAK, Respondent, v. SALMON, Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Samuel Shillak against William Salmon. No opinion. Judgment and order affirmed, with costs.

---

SHRUELL, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Mary Shruell, as administratrix, etc., of John Shruell, deceased, against the city of New York. No opinion. Judgment and order unanimously affirmed, with costs.

SILBERSTEIN v. OCEAN S. S. CO. of SAVANNAH. (Supreme Court, Appellate Term. May 15, 1908.) Appeal from Municipal Court, Borough of Manhattan, Ninth District. Action by Albert I. Silberstein against the Ocean Steamship Company of Savannah. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted. Davies, Stone & Auerbach, for appellant. Abraham B. Keve, for respondent.

PER CURIAM. We would be constrained to reverse the judgment and order on appeal, if for no other reason than the refusal of the court below to admit evidence of the bill of lading, which was, of course, the real contract between the parties, and which necessarily would have thrown light upon the construction to be given to the stipulation upon which the court based its direction of a verdict and denial of the motion for a new trial. It was plainly the fault of plaintiff, or his counsel, that the defendant did not get in evidence the bill of lading or its contents, and it seems clear that, under all the circumstances, the ends of justice will be best served by granting a new trial. Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event.

In re SIMMONS et al. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) In the matter of the application and petition of J. Edward Simmons and others, constituting the board of water supply, etc., to acquire real estate in the town of Philipstown, Putnam county, N. Y., for the Northern Aqueduct department (Catskill Aqueduct section No. 2). No opinion. Order affirmed, with $10 costs and disbursements.

SIMPSON, Appellant, v. MAGUIRE, Respondent, et al. (Supreme Court, Appellate Division, Second Department. April 24, 1908.)