9138

PIEPER v. SHAHID.

(85 S. E. 905.)

PARTIES. INFANTS. PLEADINGS. AMENDMENT.

1. PARTIES—INFANTS.—A guardian *ad litem* has no power to maintain an action in his capacity as guardian on behalf of the infant for personal injuries, but such action must be brought in the name of the infant, appearing by her guardian *ad litem*.

2. PLEADINGS—AMENDMENT.—Where an action for personal injuries to an infant is brought in the name of her guardian *ad litem*, an amendment may be allowed substituting the infant appearing by such guardian *ad litem* as plaintiff.

3. APPEAL AND ERROR—DISPOSITION—REVERSAL ON TECHNICAL GROUNDS. —Where the guardian *ad litem* of an infant sued for personal injuries to his ward, improperly styling the action as brought by him as guardian, instead of by the ward by him as guardian, on appeal from overruling of defendant's demurrer to the summons and complaint, the Court, instead of dismissing the case on the technical ground, would reverse and remand in order that the plaintiff might apply for amendment.

Before GARY, J., Charleston, November, 1914. Reversed.

Action by W. H. Pieper, as guardian *ad litem* of Violet A. Pieper, against Joseph Shahid. From an order overruling a demurrer to complaint, the defendant appeals. The facts are stated in the dissenting opinion.

*Messrs. Huger, Wilbur & Guerard,* for appellant, cite: Code Civil Proc., sections 160, 162, 164 and 165; 6 Munf. 280; 2 Ala. 406; 75 Ky. 215; 17 Fla. 820; 145 Pac. 33; 39 L. Ed. U. S. 670; 16 Vt. 673; 36 Ind. 196; 75 N. C. 263; 85 N. C. 113; 20 Minn. 313; 11 Q. B. D. 251; 67 Ga. 247; 39 S. W. 189; 76 S. C. 432.

*Messrs. Hagood & Rivers,* for respondent, submit: *The objection is technical and immaterial:* 94 S. C. 14; Code Civil Proc. 164; 56 S. C. 245; 95 S. C. 35; 14 Enc. Pl. & Pr. 1050; 58 N. W. 473; 3 S. E. 245; 15 S. E. 622; 1

S. W. 161; 76 S. C. 433. *Demurrer not remedy:* 13 S. C. 439, 441; 3 How. Pr. 407; 24 How. Pr. 92.

July 21, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages for personal injuries commenced by service of a summons and complaint, and attachment of an automobile under the law in such cases made and provided. After service of summons and complaint defendant's attorney filed a demurrer thereto on the ground that it did not state facts to constitute a cause of action in that it does not appear on the face of the complaint that plaintiff suffered any damages by reason of the acts of negligence alleged in the complaint. Upon the hearing of the demurrer, the Circuit Judge overruled the same, and defendant appealed.

The contention of the defendant in substance being that the title of the cause, instead of being W. H. Peiper as guardian *ad litem* for Violet A. Pieper, should have been Violet A. Peiper by her guardian *ad litem,* W. H. Peiper, and because of this difference in form, notwithstanding the fact that the body of the complaint clearly shows in what capacity W. H. Peiper is connected with the suit, and also shows that Violet A. Peiper was the party injured, and because of difference in form of title of the cause the substance set out in the complaint must be overlooked, and demurrer sustained and complaint dismissed.

We are of opinion that the exceptions must be sustained. As was said in *McCreight* v. *Aiken,* 21 S. C. L. (3 Hill) 338: "The legal relation of a committee to a lunatic is analogous to that of a guardian to his ward. For any trespass to the person or property of a minor an action must be brought in his name by his guardian and why should not an action be brought in the same way for a trespass on the person or property of a lunatic?"

"It is well settled in South Carolina that an action at law for the recovery of the property of a lunatic or damages for its detention must be brought in the name of the lunatic by his committee as in such action he only can re·over who has the legal title." *Cathcart* v. *Sugenheimer,* 18 S. C. 128.

On the same principle and analogous thereto are the decisions:

"That in making a deed under power of attorney it must be made in the name of the principal and not in the name of the attorney." *Prior* v. *Cotton,* 17 S. C. L. '(1 Bailey) 517; *Welch* v. *Parish,* 19 S. C. L. (1 Hill) 155; *Welch* v. *Usher,* 11 S. C. Eq. (2 Hill) Chan. 167; *Webster and Brown* v. *Hammet,* 2 S. C. 428; *DeWalt* v. *Kinard,* 19 S. C. 287; *Johnson* v. *Johnson,* 27 S. C. 311, 3 S. E. 606.

At the same time we are of the opinion that if an application had been made to the Circuit Judge to amend the captions of summons and complaint he would have allowed the amendment, and he certainly had the power to do so under *Bank* v. *Efird,* 96 S. C. 18, 78 S. E. 637.

The spirit of this Court is opposed to dismissals of cases on technical grounds and at the sacrifice of substance and substantial rights of parties litigants involved and for this reason while the judgment must be reversed, the cause will be remanded, in order that the plaintiff may be allowed to apply for an amendment to her pleadings, and by a simple transposition of words make the pleadings Violet A. Peiper by her guardian *ad litem,* W. H. Peiper, instead of W. H. Peiper, as guardian *ad litem* of Violet A. Peiper. The ends of justice will be attained by this, and the defendant will be fully advertised that he is to contest an alleged claim for injuries inflicted upon Violet A. Peiper by alleged acts of negligence on his part.

Reversed and remanded.

MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting.*    This is an appeal from an order overruling a demurrer to the complaint.

The action is for damages alleged to have been sustained by Violet A. Peiper, through the wrongful acts of the defendant.

The complaint alleges: "That W. H. Peiper aforesaid, was duly appointed the guardian *ad litem* of Violet A. Peiper, a minor, by the clerk of the Court of Common Pleas for Charleston county, and authorized to bring this action in her behalf."

It also alleges that Violet A. Peiper is the daughter of the said W. H. Peiper, and that both were injured, especially the daughter, through the negligence and recklessness of the defendant in operating his automobile.

The defendant demurred to the complaint on the sole ground "that it appears upon the face of the complaint, that the same does not state facts sufficient to constitute a cause of action, in that it does not appear that the plaintiff suffered any damage by reason of the acts of negligence alleged in the complaint."

His Honor, the presiding Judge, made the following order:

"This matter came on to be heard by me on a demurrer to the complaint, on the ground that said complaint did not state facts sufficient to constitute a cause of action.

After hearing arguments by Messrs. Huger, Wilbur & Guerard, attorneys for the defendant, and Messrs. Hagood & Rivers, attorneys for the plaintiff, it is ordered that the demurrer be, and the same is hereby, overruled, and that the defendant have ten days from the date of this order in which to answer."

The defendant appealed upon the following exceptions:

First. "Because his Honor, the presiding Judge, erred in overruling the demurrer, because it appears upon the face of the complaint, that the complaint states no cause of action against the defendant in favor of the plaintiff, in that

the complaint alleges that the acts of defendant's negligence caused damage to a person not a party to this action, and not that the said acts of negligence caused damage to the plaintiff.

Second. "Because his Honor, the presiding Judge, erred in not holding that a guardian *ad litem* has no power to maintain an action in his capacity as guardian on behalf of an infant for personal injuries done to said infant, whereas he should have held that such action should have been brought in the name of the infant, appearing by his guardian *ad litem*.

Third. "Because his Honor, the presiding Judge, erred in not holding that the infant, Violet A. Peiper, the person who, according to the allegations of the complaint, suffered all the damages complainted of, was not a party to the action."

Section 194 of the Code of Civil Procedure is as follows:

"The defendant may demur to the complaint, when it shall appear upon the face thereof, either:

1. That the Court has no jurisdiction of the person of the defendant or the subject of the action, or

2. That the plaintiff has not legal capacity to sue, or

3. That there is another action pending between the same parties, for the same cause, or

4. That there is a defect of parties, plaintiff or defendant, or

5. That several causes of action have been improperly united, or

6. That the complaint does not state facts sufficient to constitute a cause of action."

Section 195 of the Code of Civil Procedure provides that "the demurrer shall distinctly specify the grounds of objection to the complaint. Unless it do so it may be disregarded."

The only ground of demurrer upon which the defendant relied in the Circuit Court, was, that it did not appear that

the plaintiff suffered any damage by reason of the acts of negligence alleged in the complaint.

As we have already stated, the complaint not only alleges that Violet A. Peiper, but also her father, W. H. Peiper, sustained injury at the same time, through the negligence and recklessness of the defendant.

Furthermore, it does not appear from the record that his Honor, the Circuit Judge, was requested to rule, or that he made any ruling, upon the objections specified in the exceptions. Therefore they are not properly before this Court for consideration. Nor does it appear anywhere in the record that the defendant relied upon the fourth ground of demurrer, to wit: "That there was a defect of parties plaintiffs," nor that the Circuit Judge was requested to rule upon such objection.

As this objection was not specified, it was waived.

The appeal is based upon an exceedingly technical ground, and it is very probable that if a motion had been made to amend the complaint, the irregularity in question would have been cured, and the delay in the administration of the law been thereby prevented.

For these reasons I dissent.

MR. JUSTICE FRASER, *concurring in the dissenting opinion.* It seems to me that section 227, Code of Civil Procedure 1912, is broad enough to cover this case.