EDWARD H. HAWKE, Respondent, *v.* MADISON GENN HAWKE, Individually and as Executor of the Instrument Admitted to Probate as the Will of EDWARD H. HAWKE, Deceased, and Others, Appellants, Impleaded with Another.

*Action to determine the validity of a probated will — injunction pendente lite, restraining the executors.*

When, on an application for an injunction *pendente lite* in an action brought under section 2653a of the Code of Civil Procedure, to determine the validity of the probate of a will, it appears that the realty affords abundant security for the ;share in the decedent's estate to which the plaintiff would be entitled if he suc- ·ceeded in having the will adjudged to be invalid, the executors may be restrained from conveying or incumbering any of the real estate, or from passing any of it over to the beneficiaries named in the will, and be left in entire control of the personal property and of the income of the real estate, subject to their account- .ing for the same, as executors, in the event of the plaintiff's failing in the ·action, and to their accounting to the plaintiff for his share thereof in the event of his succeeding in having the will adjudged to be invalid.

APPEALS by the defendants Madison Genn Hawke and Julia Alice Isabelle Remier, individually and as executors of the will of Edward H. Hawke, deceased, and by the defendant Elizabeth M. C. Wilson, from an order of the Supreme Court, made at Special Term upon the plaintiff's motion, and entered in the office of the clerk of Saratoga county on the 4th day of October, 1893, staying and restraining the defendant executors, during the pendency of the action, from conveying, disposing of, delivering or incumbering any ·of the property mentioned in the said alleged will.

The action was brought under chapter 591 of the Laws of 1892 (Code Civ. Proc. § 2653a), by the plaintiff, a son of said deceased, to have the validity of the probate of said alleged will determined and the probate thereof in Saratoga county revoked. The plaintiff in his complaint alleges that the instrument is not a valid will, in that said deceased, at the time of the execution thereof, was not of sound mind and memory; that he had an insane delusion in respect to the plaintiff, his son, mistakenly and falsely believing that plaintiff had not for him the filial affection and proper regard of a son; that the instrument was not the free and voluntary act of deceased, but was procured by fraud and undue influence practiced upon deceased by the defendants, beneficiaries in the instrument, who poisoned his mind against the plaintiff.

*Henning & McCall*, for executors, appellants.

*Edgar T. Brackett*, for Wilson, appellant.

*Charles E. Patterson*, for defendant Skelding.

*J. S. L'Amoreaux*, for Maria T. Hawke, appellant.

*Foley & Wing*, for Edward H. Hawke, respondent.

PER CURIAM :

We have grave doubts of the propriety of granting the injunction herein, and are strongly disposed to reverse the order granting it, but there is a possibility that the plaintiff may be injured by so doing, and the rights of all parties, it seems to us, can be preserved by a modification of the injunction.

It appears from the record before us that the property involved in this litigation amounts to about $350,000, $100,000 thereof being in personal property, and the remaining $250,000 being in realty.

If the plaintiff succeeds in establishing the invalidity of his father's will, he will be entitled to one-fourth part of that estate; it will thus be seen that the realty affords abundant security for his protection, if it remains undisposed of and unincumbered.

The injunction, therefore, is modified so as to restrain the defendants herein from conveying, disposing of or incumbering any of the real estate of which the testator died possessed, and from conveying

and delivering or passing over any of the said real estate to the devisees or legatees named in the last will and testament of said testator; it being intended by this modification of the injunction to give the defendants entire control over the principal and interest of the personal property, and of the rents, incomes and profits of the real estate, subject, of course, to their accounting for the same as the executors of the last will and testament of Edward H. Hawke, deceased, in the event of the plaintiff failing in the action; or of accounting to the plaintiff for his share thereof in the event of his succeeding in establishing the invalidity of said will; and, as so modified, the injunction and order appealed from is affirmed, with ten dollars costs, and printing and other disbursements to the appellants.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Order for injunction modified, and, as modified, affirmed, with ten dollars costs and printing and other disbursements to the appellants.