WILLS—JUDGMENT OF SURROGATE—CONCLUSIVENESS—OPENING JUDGMENT—STATUTES.

Code Civ. Proc. § 2626, declares that a decree admitting to probate a will of personal property is conclusive on all the questions determined by the surrogate, until it is reversed on appeal or revoked by the surrogate. Section 2569 declares that a creditor or any person interested in the estate or fund affected by a decree of the surrogate, who was not a party, but entitled to be heard, may intervene and appeal. Section 2617 declares that if any person interested in sustaining or defeating a will shall not have appeared in the proceeding for probate of the same, and shall not have been properly notified thereof, a decree in the proceeding shall not affect the right or interest of such person. Section 2481, subd. 6, gives a surrogate power to open, vacate, modify, or set aside an order of his court for fraud, newly-discovered evidence, clerical error, or other sufficient cause. *Held* that, where a decree was entered denying the probate of a codicil of a will of personal property, a party interested therein, who was not cited to appear, could not have the decree opened where it did not appear that there was any fraud authorizing such opening, under section 2481; since section 2617 cannot be regarded as applicable, as sections 2626 and 2627 make the decree of the surrogate conclusive on those not cited as well as upon those notified, and sections 2569 and 2626 secure the rights of those not cited by giving an appeal.

In the matter of the estate of William Tilden. Application by a party interested in establishing a codicil to open a decree denying probate of the codicil. Application denied.

Moore, Bleecker & Wheeler, for petitioner.
J. E. Newell, for general guardian, opposed.

FITZGERALD, S.   A decree has been entered denying probate of a codicil of the will of the decedent, and an application is now made by a party interested in establishing the codicil to open the decree for that purpose. The decree was made in a proceeding in which all the parties required to be cited were before the court. It is, therefore, as to the personal property of the testator affected by the will or codicil, conclusive as an adjudication, not only upon such parties, but upon the applicant, who neither appeared nor was cited in the proceeding. Code Civ. Proc. §§ 2626, 2627, and Throop's note and citation of cases under section 2626; Vanderpoel v. Van Valkenburgh, 6 N. Y. 199; Marvin v. Marvin, 11 Abb. Prac. (N. S.) 100, 101; Hoyt v. Hoyt, 112 N. Y. 504, 20 N. E. 402; Post v. Mason, 91 N. Y. 550; Smith v. Hilton, 2 N. Y. Supp. 820. The provision in section 2617 which declares that the failure of any person therein mentioned, who has not been cited, to avail himself of the leave to appeal secured to him by the section, does not affect a right or interest of such person, does not, in my judgment, relieve the applicant from being conclusively bound by the decree which has been entered in this matter so far as the same affects the personal property of the testator. Whatever else may be the effect of the declaration mentioned, it is reasonably certain from the other sections

cited and the note thereto of Mr. Throop that it was not intended to restrict the broad and comprehensive scope and operation which section 2626 was obviously designed to have, or to limit the conclusiveness of a decree admitting a will of personal property to probate so as to make it binding on those only who have been cited, or who have appeared in the proceeding. The right of a person who was not a party to a proceeding to take an appeal from the decree made therein, or to compel, on a proper occasion, a construction of a will of personalty, notwithstanding the fact that such a construction had been previously had in the proceeding which admitted the will to probate, is so obviously saved and secured by the statutes upon the subject that these can hardly be regarded as the rights and interests that were intended to be safeguarded by the provision under consideration. Code Civ. Proc. §§ 2569, 2626. It may be that the remedies given by subdivision 6, § 2481, Code Civ. Proc., and the right or interest possessed by a legatee under any other testamentary paper than the one which is the subject of adjudication in the particular proceeding, or by those succeeding to his interest, are among the rights and interests referred to in section 2617. However this may be, and whatever else the provisions of that section refer to, I am satisfied that none of those provisions would justify the opening or vacating of the decree in question, because the applicant had not appeared or been cited in the proceeding in which it was made. The case of Booth v. Kitchen, 7 Hun, 260, was decided before the enactment of the sections of the Code above mentioned, and in view of the change effected in the law by those sections I do not regard the decision in that case as controlling. It is not claimed that there has been any fraud or collusion in procuring the adjudication which the petitioner seeks to avoid, nor has any other ground warranting the vacation of the decree under subdivision 6 of section 2481 been established. Application denied. Submit decree on or before the 28th instant.

Application denied.