In the Matter of Proving the Last Will and Testament of WILLIAM TILDEN, Deceased.

HAVENS RELIEF FUND SOCIETY, Appellant; CHARLOTTE A. W. COSTELLO, Respondent.

*Appeal from a surrogate's denial of an application to open a decree refusing to admit to probate a codicil relating to personal property — the surrogate should not open the decree on the application of one not a party to the proceeding — remedy in such a case.*

*Semble,* that an appeal lies to the Appellate Division from the decision of a surrogate, rendered in the exercise of his discretionary power, denying an application to open a decree. Per RUMSEY and HATCH, JJ.

*Semble,* that a surrogate who has made a decree refusing to admit a codicil to probate, may in his discretion refuse to open the decree on the application of a party in interest, who was not a party to the proceedings, but who, if he so desired, was at liberty to come in and be heard before the surrogate and to appeal from the decree, although such appeal would present a question of fact as to the requirements of the law of the territory in which the codicil was executed, with respect to the execution of wills of personal property — the Appellate Division having the same power to receive proof as to such law and to decide it as the surrogate had. Per RUMSEY and HATCH, JJ.

*Semble,* that the power to open or vacate a decree, conferred on the surrogate by section 2481 of the Code of Civil Procedure, will not be exercised on the application of a person not a party to the proceeding in which the decree was made. Per INGRAHAM and HATCH, JJ.

*Semble,* that section 2626 of the Code of Civil Procedure, relating to the conclusive character of a decree admitting a will of personal property to probate, does not make a decree refusing to admit such a will to probate binding upon a person not a party to the proceeding, and such a person may again present the will for probate under section 2614 of the Code of Civil Procedure and have the question of its proper execution and validity determined. Per INGRAHAM and HATCH, JJ.

APPEAL by the Havens Relief Fund Society, one of the legatees named in the last will and testament of William Tilden deceased, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 9th day of October, 1900, denying its application to open and vacate a decree of said court, entered on the 7th day of December, 1899, in so far as the same failed to admit to probate a codicil to said last will and testament, as a will of personal property.

*Charles M. Bleecker*, for the appellant.

*Harry E. Newell*, for the respondent.

Rumsey, J.:

On the 7th of December, 1899, there was made in the Surrogate's Court of the county of New York a decree admitting to probate the will of William Tilden, and refusing probate of a paper which had been propounded as a codicil to that will. This proceeding was regular. All of the parties required by section 2615 of the Code of Civil Procedure were cited to appear, and the evidence was sufficient to warrant the decree which was made. The codicil of which probate was refused was executed in the Territory of Arizona, but not with the formalities required by the law of this State. It was not made to appear what the requirements in the Territory of Arizona were upon that point. After the decree had been made and before the time to appeal expired, the appellant here, the Haven's Relief Fund Society, made a petition that the decree be opened by the surrogate so far as it denied probate to the codicil. Citations were issued upon that petition; the defendant Costello, who alone was interested, appeared and opposed it, and the surrogate denied it, and from the order denying it this appeal is taken.

The power of the surrogate to open a decree is derived entirely from section 2481 of the Code of Civil Procedure, which authorizes him to open a decree or grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause. (*Matter of Hawley*, 100 N. Y. 206; *Matter of Flynn*, 136 id. 287.) Whether he will open the decree or not is a matter in his discretion, but from the exercise of that discretion an appeal undoubtedly lies to this court. (*Story* v. *Dayton*, 22 Hun, 450.)

We are of opinion that the discretion was properly exercised in this case. By section 2617 of the Code, the appellant was at liberty to come in and be heard in the proceeding before the surrogate for the probate of the will and codicil, if it desired to do so. After the decree of the surrogate had been made, refusing to admit the codicil to probate, the appellant was at liberty to appeal from that part of it. (Code Civ. Proc. § 2569.) While the appeal would undoubtedly have raised a question of fact as to what were the requirements of the law of Arizona with respect to the execution of

will; of personal property, yet that fact might have been proved upon the appeal, and this court would have the same power to decide it that the surrogate had. (Code Civ. Proc. § 2586.) It is quite clear, therefore, that there was no necessity for making this motion to protect the rights of the appellant. As no evidence was given before the surrogate as to what the law of Arizona was, undoubtedly he was right in refusing to admit the codicil to probate. He could only have been asked to open this decree upon the ground of newly-discovered evidence; but the appellant here makes no proof which would warrant opening the decree upon that ground. It does not appear that the appellant was not aware of what the law of Arizona was; and certainly there could have been no difficulty in procuring evidence of that fact and presenting it to the surrogate.

There is no reason, therefore, why the surrogate should have come to any other conclusion than he did in the exercise of his discretion, and the order appealed from must be affirmed, with costs.

Hatch, J., concurred; Van Brunt, P. J., concurred in result.

Ingraham, J. (concurring):

I concur in the affirmance of this order, as I do not think that the surrogate had any power to set aside the decree for the purpose of allowing one not a party to the proceeding to come in and introduce evidence as to the validity of the codicil. The appellant was never a party to the proceeding, and it is difficult for me to see upon what principle a person not a party could move to set aside a decree regularly made for the purpose of allowing him to be made a party to retry the issues settled by the decree. The power of the surrogate under section 2481 of the Code of Civil Procedure is, as I view it, only to be exercised on behalf of a person who is a party to the proceeding, and not in favor of one not a party. As this appellant was not a party, I do not think he was bound by the decree. No notice was served under section 2617 of the Code. Section 2626 does not apply. That section provides that "a decree admitting to probate a will of personal property made as prescribed in this article is conclusive as an adjudication upon all the questions determined by the surrogate pursuant to this article until it is reversed upon appeal or revoked by the surrogate." But it seems to me clear that this provision only applied to the decree so far as it admit-

ted the will to probate and not to that portion of the decree which refused to admit the codicil to probate. There is no provision which makes a decree refusing to admit a will to probate binding upon any one not a party to the proceeding. It would appear, therefore, that, as the appellant was not a party to the proceeding and was not bound by the decree, he could again present the codicil under section 2614 of the Code for probate and have the question of its proper execution and validity determined.

Nor do I think that, even if this appellant had knowledge of the existence of this codicil, it was bound to appear and become a party to the proceeding or to be bound by the decree. There is certainly no provision of the statute that I know of that imposes such a burden. If any of the parties to the proceeding had wished to bind this appellant, it could have been made a party under section 2617 of the Code ; but that section expressly provides that it does not affect the right or interest of such person unless he becomes a party.

For the reason that the surrogate had no authority to set aside this decree on the application of a person not a party to the proceeding when the decree was made, I concur in the affirmance of the order.

HATCH, J., concurred.

Order affirmed, with costs.