Where an action pending by the son of a decedent to revoke the probate of his father's will would, if the son were successful, increase the interest which he has under the will in the income of the estate as legatee, such action is no bar to an order on the executor to pay to the son for his support a balance of income due him under the will.

In the matter of the estate of Henry Hughes, deceased. Application for an order requiring payment by executor of a balance of his share of income to petitioner. Order granted.

Turner, Rolston & Horan, for petitioner.
George B. Hayes, for contestant.
Charles Strauss, for Margaret M. Hughes.

THOMAS, S. The will of the decedent has been admitted to probate, a proceeding for the revocation of probate, brought by a son of the decedent, who is also the petitioner in this proceeding, has been dismissed, and an action in the Supreme Court to set aside such probate, under section 2653a, Code Civ. Proc., brought by him, is now pending and at issue.

Under the will the petitioner is entitled to one-eighth of the income of the estate, as a legatee or as a beneficiary of a trust. The present application is for an order requiring payment of a balance of his share of such income. The fact that he is entitled to a balance, though less in amount than that claimed by him, is conceded by the executor. The questions raised concern the effect of the pendency of the Supreme Court action.

Pending a proceeding in this court for the revocation of a will, the executor "must suspend, until a decree is made upon the petition, all proceedings relating to the estate; except for the recovery or preservation of property, the collection and payment of debts, and such other acts as he is expressly allowed to perform, by an order of the surrogate, made upon notice to the petitioner." Code Civ. Proc. § 2650. The effect of this provision has been held "not to destroy, but simply to suspend in part, the functions of the executors," and not to preclude the making of an order by the surrogate directing the payment of a sum of money to a person named as legatee in the will, who is also a next of kin, for his support, to be charged to him as legatee or next of kin, as the case may be, depending upon the result of the contest touching the will. Matter of Hoyt, 31 Hun, 176, explaining Matter of McGowan, 28 Hun, 246. When a temporary administrator has been appointed pending a contest as to probate of a will, the surrogate may also make such an order. Code Civ. Proc. § 2672; Matter of Hoyt, supra; Rank v. Camp, 3 Dem. Sur. 278.

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 330.

There is no express provision of statute which diminishes the powers of an executor, or of the surrogate, on the commencement of an action in the Supreme Court for revocation of probate under section 2653a of the Code. The general power of the Supreme Court to preserve the fund and to guard its own prospective decree, by granting appropriate injunctions, has been exercised in such cases. Hawke v. Hawke, 74 Hun, 370, 26 N. Y. Supp. 803. I am therefore of the opinion that the power to make the order asked for exists, and that the only question remaining is as to whether the rights of the executor would be invaded if it should chance that the decree admitting the will should be revoked. This is answered by the fact that the interests of the petitioner in the estate would thereby be increased.

The suggestion that the petitioner is precluded from demanding relief in this court on the theory that the will is valid, while he is asserting rights in the Supreme Court on the theory that it is void, does not impress me as sound. On either theory, the petitioner is entitled to all that will now be awarded to him. An order will be made for the payment of the balance admitted by the executor to be due.

Order granted.