(110 App. Div. 644.)

## In re WOHLGEMUTH et al.

(Supreme Court, Appellate Division, First Department. January 19, 1906.)

1. JUDGMENTS—WILLS—PROBATE—COLLATERAL ATTACK.

Where no proceedings were brought as authorized by Code Civ. Proc. § 2481, subd. 6, and section 2648, to revoke the probate of two holographic testamentary instruments probated as a single will, and no action was brought to invalidate such probate as authorized by section 2653a, such probate decree could not be collaterally attacked in a proceeding for distribution, because the instrument last executed was complete in itself, and operated as a revocation of the former.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 910.]

2. SAME—NATURE OF PROCEEDING—CONCLUSIVENESS—PARTIES.

A proceeding for the probate of a will is a proceeding in rem, which is conclusive, not only as against all parties cited, but as against all entitled to participate therein.

3. WILLS—PROBATE—PARTIES—CITATION.

Though by Code Civ. Proc. § 2615, a legatee need not be cited to appear in proceedings for the probate of a will, he is nevertheless authorized to appear at his election by section 2617.

Appeal from Surrogate's Court, New York County.

Judicial accounting by Katharina Wohlgemuth and another, as executors of the last will and testament of Charles Wohlgemuth, deceased. From a surrogate's decree judicially settling and allowing the executors' account, and directing distribution of the funds in their hands, the village of Seewen appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Lucius H. Beers (Darius E. Peck, on the brief), for appellant.

Andrew S. Hammersley, for executors respondents.

Meyer & Godson, for legatees respondents.

CLARKE, J. Charles Wohlgemuth, the testator, died at the German Hospital in this city on August 20, 1903, after a surgical operation on August 19th. On August 18th, the day before the operation, he made a holographic testamentary instrument. On the following day, August 19th, he made another testamentary instrument, also holographic. These two instruments were subsequently offered for probate as the last will and testament of the deceased, and upon such proceedings a decree was entered on the 27th day of February, 1904, in the Surrogate's Court. By said decree it was "Ordered, adjudged, and decreed that the instruments offered for probate herein, be, and the same hereby are, admitted to probate as the last will and testament of the said deceased, valid to pass real and personal property; and that letters testamentary be issued thereon to the executors, who may qualify thereunder."

On the 2d day of March, 1905, the executors presented a petition to the Surrogate's Court, wherein they set forth the issuance of letters testamentary to them; the names of the persons interested in the estate of said deceased, as creditors or persons claiming to be creditors, or next of kin, legatees, or otherwise; that more than one year had elapsed since the issuance of letters testamentary, and prayed that their account

might be judicially settled, and that the persons above mentioned might
be cited to attend the settlement thereof; and at the same time filed
their verified account. A citation was duly issued, as prayed. Sched-
ule E of said account, entitled "Containing a statement of all moneys
paid to the legatees or next of kin of deceased," showed the payment
of $70 in sums of $10 and $15 to six persons, described as follows in
the instrument executed on August 18, 1903:

"$10.00 each to the four sister nurses. Also $15.00 each to the two men
nurses (orderly) of the German Hospital, in ward or floor I have been treated."

To this account objections were, on May 8, 1905, filed as follows:

"The village of Seewen, cited herein as the community of Seewen, hereby
objects to all payments made by said executors to legatees as set forth in
Schedule E of the account of said executors filed herein, on the ground that
said payments were not authorized by the terms of the last will and testa-
ment of the said Charles Wohlgemuth deceased."

The learned surrogate filed a decision in which, as findings of fact,
he found inter alia: That the executors had filed a true and correct
account of all their proceedings. That the said payments objected
to were valid payments. That the balance in the hands of the execu-
tors should be distributed and paid as follows: "(3) All the legacies
mentioned in the last will and testament, dated August 18, 1903, and
codicil thereto, dated August 19, 1903, of said Charles Wohlgemuth,
deceased, except the legacy of Martin Wagner. (4) Balance to the
Village of Seewen." Among his conclusions of law: "That the ob-
jections of the village of Seewen to the accounts of the executors are
overruled, and said accounts should be judicially settled and· allowed
as filed. * * * The legacies given by the last will and testament
of Charles Wohlgemuth deceased dated August 18, 1903, to [enu-
merating legatees] are good and valid legacies under the last will and
testament * * * and should be paid by the executors out of the
funds remaining in their hands," and that "the village of Seewen is
the residuary legatee under said last will and testament, * * *
and a decree upon said decision and in conformity therewith was duly
made and entered."

The village of Seewen excepted to certain findings and conclusions,
and to the refusal of the surrogate to find certain proposed findings
and conclusions presented by it; and appeals to this court from certain
portions of said decree.

The exceptions are based upon the contention that the instrument
dated August 19, 1903, was the last will and testament of the deceased,
that it was complete within itself, that it necessarily entirely revoked
the prior instrument, that therefore all of the legacies in the instru-
ment of August 18 fall, and that appellant is entitled to practically
all of the estate. The vice of this contention is that it attacks the
decree of probate in a collateral proceeding. If the appellant is right
the instrument of August 19th was the last will and testament of the
deceased. If so, it alone should have been admitted to probate. The
case of Newcomb v. Webster, 113 N. Y. 191, 21 N. E. 77, cited by
appellant, was an· action in the Supreme Court for the judicial con-
struction of a will. The court said:

"It may be taken as a well-settled general rule that·a will and codicil are to be construed together as parts of one and the same instrument, and that a codicil is no revocation of a will further than it is so expressed.  *  *  *  The same principle applies with greater force when there are two distinct instruments relating to the same subject-matter.  In such a case an inconsistent devise or bequest in the second or last instrument is a complete revocation of the former.  But if part is inconsistent and part is consistent, the first will is deemed to be revoked only to the extent of the discordant dispositions, and so far as may be necessary to give effect to the last one made.  *  *  *  There is an express revocation of so much of the will as is inconsistent with the provisions of the codicil.  If we apply this language literally it is obvious that the entire will is to be discarded, except so much as appoints executors and defines their powers.  The codicil does not deal with that subject, and to that extent the testatrix was justified in regarding the will as a subsisting instrument.  *  *  *  Both instruments were properly admitted to probate for the appointment of executors by the will holds good although the estate is to be administered according to the provisions of the codicil."

In the case at bar there is no such need for the probate of both instruments.  The second paper appoints the executors, and the appellant claims that the first instrument is not to be looked into for any purpose.  If that be so, surely it was improperly admitted to probate.  But the decree admits both instruments as the last will and testament of the deceased.  Section 2626 of the Code of Civil Procedure provides that:

"A decree admitting to probate a will of personal property made as prescribed in this article, is conclusive, as an adjudication, upon all the questions determined by the surrogate pursuant to this article, until it is reversed upon appeal, or revoked by the surrogate, except in an action brought under section 2653a of this act to determine the validity or invalidity of such will; and except that a determination made under section 2624 of this act is conclusive only upon the petitioner and each party who was duly cited or appeared and every person claiming from, through, or under either of them."

Section 2647 of the Code provides that a person interested in the estate of a deceased person may present to the surrogate a petition containing allegations against the validity of the will and asking for a revocation of probate.  Section 2648 of the Code provides that this must be within one year after the recording of the decree admitting the will to probate.  Subdivision 6 of section 2481 of the Code gives the surrogate power—

"to open, vacate, modify or set aside, or to enter as of a former time a decree or order of his court; or to grant a new trial or a new hearing, for fraud, newly discovered evidence, clerical error, or other sufficient cause.  The powers conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers."

Section 2653a of the Code provides that:

"Any person interested as devisee, legatee or otherwise in a will or codicil admitted to probate in this state  *  *  *  may cause the validity or invalidity of the probate thereof to be determined in an action in the Supreme Court.  *  *  *  The issue of the pleadings in such action shall be confined to the question of whether the writing produced is or is not the last will and codicil of the testator or either.  *  *  *  The action brought as herein provided shall be commenced within two years after the will or codicil has been admitted to probate; but persons within the age of minority, of unsound mind, imprisoned, or absent from the state, may bring such action two years after such disability has been removed."

It follows that the decree admitting a will to probate, so far as it relates to personal property, is final and conclusive, until reversed upon appeal or revoked by the surrogate; that a person interested in the estate may proceed within a year by petition for revocation, whereupon a trial de novo may be had; or may move under like conditions as in a court of record "to open, vacate, modify, or set aside" the decree; or may within two years bring an action in the Supreme Court to determine the validity of the will. Unless tested in some one of these ways, however, it is "conclusive as an adjudication on all the questions determined by the surrogate pursuant to this article." Section 2626, Code.

"With respect to the probate of a will, so far as it relates to personal property, the surrogate's decree is made by the statute conclusive, as an adjudication, until it is reversed on appeal or revoked by him. * * * As to the personal property, if the person interested is not under disability, or the surrogate's discretion is not invoked for a sufficient cause, under subdivision 6 of section 2481, the probate includes all mankind after the lapse of one year. In such event, the disposition and distribution of the personalty by the executor are beyond question or recall, and a finality. The proceeding for the probate is in the nature of a proceeding in rem; which is binding upon all parties who are entitled to participate, and are brought in by due process of law." Hoyt v. Hoyt, 112 N. Y. at page 504, 20 N. E. at page 405. Nor does it matter that the appellant was not cited upon the probate proceedings. The statute does not require the citation to be served upon a legatee (section 2615, Code), although by section 2617 such legatee may appear at his election. "The decree was made in a proceeding in which all the parties required to be cited were before the court. It is therefore, as to the personal property of the testator affected by the will or codicil, conclusive as an adjudication, not only upon such parties, but upon the applicant, who neither appeared, nor was cited in the proceeding." Matter of Tilden, 32 Misc. Rep. 118, 66 N. Y. Supp. 175, and cases cited, affirmed 56 App. Div. 277, 67 N. Y. Supp. 879. The decree having become conclusive by the expiration of a year, the executors paid certain of the legacies provided for by a part of the instrument declared by the surrogate to be decedent's last will and testament. Those payments were objected to, and, in such collateral attack, the validity, as a last will and testament, of the portion of the instrument providing for them, was assailed. We do not believe it can be done in the case at bar. As the surrogate has by a conclusive adjudication probated both papers as the last will and testament, it was his and is now our duty to construe every part of the whole paper, established as a will, together.

Construing the entire document, we find no error in his decision, and the decree appealed from is affirmed, with costs to the executors against the appellant. All concur.