### In re GAFFNEY'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department.   December 28, 1906.)

WILLS—PROBATE—REVIEW.

Code Civ. Proc. § 2481, subd. 6, gives a surrogate power to open and
vacate a decree or order of his court on sufficient cause. On proceedings
for the probate of a will and codicil, one who was a legatee in the will,
but not in the codicil, not being an heir or next of kin of the testatrix,
was not cited in the proceedings, her citation not being required by Code
Civ. Proc. § 2615, subd. 3, relating to the parties to such a proceeding;
and after the probate of the will and codicil she moved to open the pro-
bate under section 2481, on the ground that the codicil was not signed
by testatrix, as appeared by the paper itself, that no sufficient proof was
given to excuse the production of the witnesses to the codicil and the
taking of their evidence under Code Civ. Proc. §§ 2618, 2619, providing that
under certain circumstances the witnesses need not be produced, and that
the evidence of the witness who was produced was insufficient to prove
the execution of the codicil. *Held*, that she was not entitled to relief
under section 2481, inasmuch as the proceeding cannot be used as a means
of reviewing a decree of the surrogate for errors of judgment as to ques-
tions of law or fact.

Kruse, J., dissenting.

Appeal from Surrogate's Court, Monroe County.

Proceedings on the petition of Flora Gaffney, a person interested
in the estate of Emily L. Gaffney, deceased, to open the probate of the

will and codicil to the will of decedent. From an order denying the petition, petitioner appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frederick P. Kimball and James M. E. O'Grady, for appellant.

Walter S. Hubbell, Perkins & Havens, Francis Macomber, and William N. Cogswell, for respondents.

WILLIAMS, J. The order and decree appealed from should be affirmed, with costs.

It is provided by section 2481, subd. 6, Code Civ. Proc., that:

"A surrogate, in or out of court, as the case requires, has power to open, vacate, modify, or set aside, or to enter, as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision, must be exercised only in a like case and in the same manner, as a court of record and of general jurisdiction exercises the same powers. Upon an appeal from a determination of the surrogate, made upon an application pursuant to this subdivision, the general term of the Supreme Court has the same power as the surrogate; and his determination must be reviewed, as if an original application was made to that term."

A suggestion was made that a fraud had been committed upon the surrogate in procuring the probate of the will and codicil, but this was met and satisfactorily disposed of, and the Surrogate's Court very properly held in this proceeding that no such fraud existed. No relief was sought by reason of newly discovered evidence or clerical error, so that the relief asked for could only be granted for something covered by the words in the statute "or other sufficient cause."

Emily L. Gaffney, the testatrix, was a resident of Rochester, N. Y., but was temporarily in England when the will and codicil were executed. The will was dated London, July 2, 1897, was entirely in the handwriting of the testatrix, including the attestation clause and her own signature, and was witnessed by a physician and a butler. The codicil was dated at London, July 27, 1897, was entirely in the handwriting of the testatrix, including the attestation clause, was not signed by her, unless her name in the attestation clause could be regarded as her signature, and it was witnessed by a widow and a spinster. The will and codicil disposed of all the property of the testatrix, composed of real and personal. The petitioner here was a legatee under the will, but was entirely cut off, by the codicil, from all interest in the estate. The testatrix died at London two days after the codicil was executed, July 29, 1897. She left real and personal property, but the amount and value thereof does not appear from the record.

Proceedings for the probate of the will and codicil were commenced October 26, 1903. The petitioner herein was not an heir or next of kin of the testatrix, and was not therefore cited in the proceeding. The statute did not require it. Section 2615, subd. 3, Code Civ. Proc. She did not appear in the proceeding. The proofs were taken December 8, 1903, and the decree was made December 12, 1903, admitting the will and codicil to probate. This proceeding was not commenced until January, 1906, after more than two years had expired. The petitioner claims not to have discovered the facts upon which her applica-

tion is made until recently. Besides the allegation of fraud, herein-before referred to, the application is based upon the allegations, in brief: (1) That the codicil was not signed by the testatrix, as appears by the paper itself; (2) that there was no sufficient proof given before the Surrogate's Court to excuse the production of the witnesses to the codicil, and the taking of their evidence, under sections 2618, 2619 of the Code of Civil Procedure; (3) that the evidence of the witness who was produced and sworn before the Surrogate's Court was insufficient to prove the execution of the codicil.

There was no attempt to prove the execution of the will, except by the proof of the codicil. Proof of the execution of the codicil would be sufficient to authorize the will as well as the codicil to be admitted to probate. The witnesses to the codicil were not produced before the surrogate or examined as to the execution of the same. It was not suggested that there was any other reason for their absence, except their absence from this state, and the only evidence upon that subject was that their residence, as stated on the codicil, was England, and a sister of the testatrix, who was produced as a witness before the Surrogate's Court, testified that one of them resided in England, both were English ladies, and were, at the time of the execution of the codicil, living temporarily at the same house where testatrix was, and that she (the sister) never had any reason to suppose that they would visit this country. This sister testified, as to the execution of the codicil, that she was present; that testatrix drew the same; that she, at the request of testatrix, called the witnesses in; that, after they came, testatrix drew the attestation clause, and told the witnesses she would like to have them be witnesses to the codicil which she had just drawn; that she handed the codicil to the witnesses, and they at once, in her presence, and in the presence of each other, signed as such witnesses. Then the papers were sealed and given to witness (the sister) and she kept them till after the testatrix died. Upon this evidence the probate was granted.

If the petitioner here had in time become a party to the proceeding, and taken an appeal as permitted by the Code of Civil Procedure, the decree of the surrogate would very likely have been reversed, and a rehearing granted for want of adequate proof of the execution of the codicil. If the case were a proper one for an action under section 2653a, and the action had been commenced in time, the petitioner might have secured any rights she was entitled to therein. Both these remedies were, however, barred by the limitations of the statute, when this proceeding was commenced. There was no limitation to the remedy, if any existed, under this statute in question. Matter of Henderson, 157 N. Y. 423, 52 N. E. 183, and the cases therein referred to. But the difficulty is that the statute does not seem to afford the petitioner any relief under the facts of this case. Whether the codicil was properly signed by the testatrix, under the circumstances, was a disputed question of law and fact. Whether the proof of the absence of the witnesses from the state was sufficient to excuse their production as witnesses was a question of fact. Whether the evidence of the sister was sufficient to establish a proper execution of the codicil was a question of fact. All these questions were for the Surrogate's Court to decide; and,

while its decision as to any or all of them may have been so erroneous that the court on appeal would have reversed the decree and granted a new trial, still, for such error, appeal was the proper remedy. This proceeding is not the proper remedy, and no relief can be granted herein. The proceeding cannot be used as a means of reviewing the decree of the Surrogate's Court for errors of judgment as to questions of law or fact. Such errors can be corrected only by appeal.

We have examined the cases cited by counsel, bearing upon the subject. We do not think it necessary to analyze or discuss them here.

Our conclusion is that the decision of the Surrogate's Court, denying the application, should not be disturbed by us.

All concur, except KRUSE, J., who dissents.

KRUSE, J. (dissenting). Emily L. Gaffney died leaving a last will and testament of both real and personal property. She bequeathed all of her property to a trustee, which involved converting the real estate into personal property, directing the trustee to dispose of the income and principal as stated in the will. Flora Gaffney, the appellant petitioner, was made a beneficiary under the original will. She was cut off by the subsequent codicil, if it was valid, but she claims that the codicil was never executed by the testator in the manner which the law requires.

The codicil was probated before the surrogate of Monroe county December 12, 1903, but Flora Gaffney was not cited or in any way made a party to the proceeding, nor was she a necessary party to the proceeding if the codicil is valid, for in that case she is not interested in the estate, since the codicil eliminated her as a beneficiary, and she was not an heir at law or next of kin of the testatrix. She was unaware of the original will, or that she was interested in the testator's estate in any way until after her time had expired in which to present a petition for a revocation of the probate, as is provided by section 2647 of the Code of Civil Procedure and the other sections contained in the article embracing that section, or within which to appeal under sections 2569 and 2572 of the Code of Civil Procedure. The time for bringing an action for determining the validity of the codicil under section 2653a of the Code of Civil Procedure had likewise expired, even if it be assumed that such an action would have been available to her.

The effect of a surrogate's decree, admitting a will to probate as to real property, establishes presumptively only the matters determined by the surrogate as against a party duly cited or a person claiming from, to, or under him. Code Civ. Proc. § 2627. But, as to personal property, it is an adjudication upon all questions determined by the surrogate, until it is reversed upon appeal or revoked by the surrogate, except in a single instance mentioned in section 2624 of the Code of Civil Procedure, and which has no relation to any question now being considered. Section 2626, Code Civ. Proc. As is stated by Judge Gray, in Hoyt v. Hoyt, 112 N. Y. 504, 20 N. E. 402:

"As to the personal property, if the person interested is not under disability, or the surrogate's discretion is not invoked for a sufficient cause, under subdivision 6 of section 2481, the probate concludes all mankind after the lapse

of one year. In such event the disposition and distribution of the personalty by the executor are beyond question or recall, and a finality. The proceeding for the probate is in the nature of a proceeding in rem; which is binding upon all the parties who are entitled to participate and are brought in by due process of law."

And such a decree as to personal property is conclusive, not only upon the persons cited, but also as to a person not cited or not appearing if the statute does not require citations to be served upon such a one. Matter of Wohlgemuth, 110 App. Div. 644, 97 N. Y. Supp. 367. Nor can a person maintain an action in equity to be relieved from the effect of such a decree and have a retrial and secure relief from an unjust decree, although he may not have known of the proceeding, or that he was interested in the estate, until after the proceeding was terminated and the adjudication made, and his failure to appear be entirely excusable. Booth v. Kitchen, 7 Hun, 255.

The only remedy suggested for her relief from the decree admitting the codicil to probate is under the provisions of section 2481 of the Code of Civil Procedure. That relief she sought to invoke, presenting her petition and affidavits to the surrogate, who admitted the codicil to probate, which tended to show the invalidity of the codicil and the lack of knowledge or information upon her part of the original will and of her interest therein, as before stated. But the surrogate refused to open the decree, and denied her application to grant a rehearing or permit her to contest the validity of the codicil. His decision does not seem to be based upon the ground that the petitioner does not make out a case which in the exercise of his discretion entitles her to relief, but upon the ground of a want of power to afford her the relief. And a majority of this court seem to entertain the same view. If it be the law that such a condition, brought about by circumstances such as are here disclosed, cannot be remedied, it is not difficult to see that cases may arise where gross injustice will be done. Whether this case is of that character in its consequences, if this petitioner is not entitled to the relief she asks, cannot, of course, be definitely known now. The petitioner so asserts, and she has never had her day in court. That she ought to have, unless the law is such as now to leave her remediless. It does not seem to me that the law is so inadequate, and a surrogate so powerless, as to afford no relief to a party in the situation that the petitioner finds herself.

Although it was unnecessary to cite the petitioner upon the probate proceeding for proving the codicil, as has been shown, yet provision has been made in the statute for permitting her to appear upon the proceeding and contest the same. Section 2617 of the Code of Civil Procedure permits a legatee, although not cited, who is named in the will propounded or in any other paper purporting to be the will of a decedent, to appear and contest the will offered for probate. She could have availed herself of this provision, had she known of the proceeding and of her interest in the estate.

Section 2481 of the Code of Civil Procedure, which has already been referred to, states the incidental powers of the surrogate. I quote two subdivisions from that section:

"(6) To open, vacate, modify or set aside, or to enter, as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner as a court of record and of general jurisdiction exercises the same powers. Upon an appeal from a determination of the surrogate, made upon an application, pursuant to this subdivision, the general term of the Supreme Court has the same power as the surrogate; and his determination must be reviewed, as if an original application was made to that term."

"(11) With respect to any matter not expressly provided for in the foregoing subdivisions of this section, to proceed, in all matters subject to the cognizance of his court, according to the course and practice of a court, having, by the common law, jurisdiction of such matters, except as otherwise prescribed by statute; and to exercise such incidental powers, as are necessary to carry into effect the powers expressly conferred."

Assuming that the appellant is bound by the decree, which does not seem to be disputed, her position ought to be regarded with as much favor by the courts as though she had been served and through some excusable fault had failed to appear. Her present situation in not having had an opportunity to present her claims in court has not arisen through her fault. Had she been cited and made default and presented as good an excuse as she now makes for not appearing, in view of the fact that she has no other remedy, the court would not hesitate to relieve her from her default. I think her position is precisely the same now.

Long before these sections were enacted, the Surrogate's Court in this state exercised the right to correct mistakes of the character set forth in section 2481, and opened its decree and permitted a party similarly situated as the petitioner to appear and have a rehearing, although for a time they were hampered by an express provision contained in the Revised Statutes, providing that no surrogate should, under pretext of incidental power or constructive authority, exercise any jurisdiction whatever not expressly given by some statute of the state. Rev. St. (2d Ed.) pt. 3, c. 2, tit. 1, § 1. But this provision was repealed in 1837, and the effect thereof is commented upon in Sipperly v. Baucus, 24 N. Y. 46, where it was held that the surrogate had power to open a decree on the final accounting of an administrator, and to require a further accounting, although a period of four years had elapsed since the making of the original decree.

In Pew v. Hastings, 1 Barb. Ch. 452, it was held that the surrogate had the power to open a decree taken by default through a mistake or an accident. Chancellor Walworth said that the powers of the surrogate were derived originally from those of the ecclesiastical courts of England in testamentary matters, which courts had the ordinary incidental powers of the court of chancery and the courts of common law in regulating proceedings before them, so as to prevent a failure of justice in consequence of mistakes and accidents. He states the question thus:

"The question here is not whether a surrogate, who has heard and decided a case upon the merits, has the power to grant a rehearing, so as to give one of the parties the benefit of a reargument, or the right to bring forward new evidence to sustain his side of the case, but whether he has the power to open a decree taken by default, in consequence of a mistake or accident by

which one of the parties had been deprived of any hearing whatever.  The last power is one which is absolutely essential to the due administration of justice, as defaults of the kind referred to must frequently occur where no human foresight could have anticipated and guarded against the event by which the default was occasioned.  I think, therefore, the surrogate erred, in this case, in supposing that he had not the power to open the decree which had been taken by default."

In Campbell v. Logan, 2 Bradf. Sur. 90, decided in 1852, it appeared that a will of a later date than the one which had been proved was offered for probate.  The objection was made that the decree admitting the first will to probate was conclusive as to the validity of that will. All of the parties had been cited, and it was held that the objection was well taken, unless the surrogate had the power to revoke or modify the first probate.  It was there stated that the statute had provided means of enabling the next of kin of a testator, within a year after the probate, to file proper allegations to compel the executors to prove the will anew; but that no provision had been made for revoking the probate of a will where another and later will is subsequently found, and, unless a remedy existed beyond the express provisions of the statute, persons might be deprived of their rights without notice and without fault or negligence.  The learned surrogate said:

"If the surrogate has no authority to open a decree for the purpose of correcting a mistake and to let in proof of a revocation, or a later will—if the moment a decree of probate is passed, the door is closed, and the act is irrevocable, notwithstanding the discovery of circumstances showing the probate to be erroneous—then it is evident that justice may be sacrificed to forms of proceeding."

And it was held that the surrogate had such power.

It has also been decided in other jurisdictions that courts of probate have power as incidental to the proper discharge of their duties to revoke the probate of a will upon the discovery of a later will.  Gaines v. Hennen, 65 U. S. 567, 16 L. Ed. 770; Waters v. Stickney (Mass.) 90 Am. Dec. 122; Vance v. Upson, 64 Tex. 266.  While this is not a case of the discovery of a later will, it would seem to be the same in principle.  While the original will is not older in point of time than the codicil purports to be, yet if the codicil is invalid, then it is not the will of the testatrix at all, and the original will is her last will.

While no case has been called to my attention, and I have failed to find any, precisely the same in its facts as the one at bar, questions of a similar nature have been before our courts, and the provisions of section 2481 considered, and the power thereby conferred upon the surrogate passed upon.  In Matter of Flynn, 136 N. Y. 287, 32. N. E. 767, the broad statement is made that:

"The surrogate has the power of a court of general jurisdiction to vacate his decrees (section 2481, subd. 6), and relief may be granted as in the Supreme Court upon an application of any one for sufficient reasons in furtherance of justice."

In Matter of Henderson, 157 N. Y. 423, 52 N. E. 183, it was held that the two years' limitation, contained in section 1290 of the Code of Civil Procedure for setting aside a final judgment upon grounds and under conditions therein stated, did not apply to applications in the Surrogate's Court made under sections 2481 of the Code.  Judge O'Brien,

after referring to the informality with which cases in Surrogate's Courts are frequently decided without the aid of counsel, stated that a court charged with such powers and duties should have ample authority over its own records for correcting mistakes such as appeared in that case.    And, in referring to the cases of Matter of Tilden, 98 N. Y. 434, and Matter of Hawley, 100 N. Y. 206, 3 N. E. 68, said that those decisions were doubtless correct, whatever might be said with respect to some of the reasons given, for in those cases no error was attempted to be corrected such as is contemplated by section 2481, but errors of substance made at the hearing, which should have been corrected by appeal, and not by motion.

In Matter of Tilden, 56 App. Div. 277, 67 N. Y. Supp. 879, which was a controversy arising out of the same estate as the case by the same title above referred to decided in the Court of Appeals (98 N. Y. 434), but not presenting the same question, it appeared that a will and codicil were offered for probate.    The surrogate refused to admit the codicil to probate.    After the decree had been made, but before the time to appeal had expired, a party interested in the codicil made a petition to open the decree which denied probate to the codicil.    The surrogate refused to open the decree, and the Appellate Division unanimously affirmed the order; a majority of the members of the court being of the opinion that the discretion was properly exercised, that the right of appeal was still available to the aggrieved party, the time to appeal not having expired, and that there was no necessity for making a motion, under section 2481 of the Code of Civil Procedure, to protect the rights of the aggrieved party, and that upon such an appeal the Appellate Division had power to take further testimony upon the validity of the codicil.    Section 2586. Two members of the court placed the affirmance of the order upon the ground that the surrogate had no power to set aside the decree for the purpose of allowing a party to the proceeding to come in and introduce evidence as to the validity of the codicil; that the aggrieved party, not being a party to the proceeding originally, was not bound by that part of the decree which rejected the probate, since section 2626 of the Code only provided for the effect to be given to a decree admitting the will to probate, and that there was no provision which makes a decree refusing to admit a will to probate binding upon any one not a party to the proceeding; that, even if the aggrieved party had knowledge of the existence of the codicil, it was not bound to appear and become a party to the proceeding, or to be bound by the decree; that, under section 2614 of the Code of Civil Procedure, it could present the codicil at any time for probate, and have the question of its proper execution and validity determined.

In Hoyt v. Hoyt, 112 N. Y. 493, 20 N. E. 402, a proceeding was brought to revoke the probate of a will under section 2647 of the Code of Civil Procedure, which application was denied by the surrogate. After the case had reached the Court of Appeals, it was contended that the nature of the proceeding was such as to bring it within the provisions of section 2481 of the Code of Civil Procedure, and therefore the surrogate's decree confirming the probate was unauthorized; and the Court of Appeals held that the record clearly showed that the proceed-

ing was the ordinary one for the revocation of a probate under section 2647. In addition to the challenging of the validity of the will, it was there claimed that the petitioner, who was the only daughter of the testator, although served with a citation, had been unjustly taken into custody under the claim that she was insane, and had not been permitted to appear on the hearing, while in fact she was of sound mind. The court held that she had waived this claim, since she had proceeded upon the hearing before the surrogate upon the merits, and that in any event she had accomplished, by having a hearing upon the merits, what she was entitled to, if she had established the claim that she had been unjustly prevented from appearing on the original hearing. The court, in its opinion, referring to her claim, said that her allegations, if substantiated by the proofs, would be ample warrant for the surrogate whose process had been interfered with to open up the case again for the reception of the proofs offered by the petitioner; that clearly under his incidental powers at any time on such a showing he could do that; that, while under such circumstances the surrogate would nevertheless obtain jurisdiction to make the decree, yet for the failure to be heard therein the surrogate is empowered to grant relief by a rehearing to the party deprived thereof.

I deem it unnecessary to prolong the discussion of these questions. I think upon reason and authority the surrogate had power to open the decree admitting to probate the codicil and allow the petitioner to contest the validity of it, and, if the petitioner was successful, to admit to probate the original will. Whether she would ultimately succeed is not now before us for a decision.

I think a case is made sufficient to warrant a rehearing before the surrogate, and that the order appealed from should be reversed, and the motion granted.