SHEA v. BERGEN et al.

(Supreme Court, Special Term, Nassau County. February, 1908.)

1. WILLS—VALIDITY—PROCEEDINGS TO DETERMINE—STATUTES—CONSTRUCTION.
    Code Civ. Proc. § 2653a, added by Laws 1892, p. 1136, c. 591, providing for the determination in the Supreme Court of the validity of wills admitted to probate, being incorporated in chapter 18 of the Code, entitled "Surrogates' Courts and Proceedings Therein," under the subdivision of article 2 of title 3 entitled "Revocation of Probate," the section must be

construed with reference to the practice and procedure in the Surrogate's Court, especially that respecting the revocation of probate.

2. INJUNCTION—PROTECTION PENDING LITIGATION—DISTRIBUTION OF ESTATE BY EXECUTOR.

After the commencement of an action in the Supreme Court under Code Civ. Proc. § 2653a, added by Laws 1892, p. 1136, c. 591, providing for the determination of the validity of a will admitted to probate, the court, to protect its jurisdiction over the testamentary fund, may enjoin the executor from distributing it, the exercise of such control being incidental to the court's jurisdiction under the section, and the injunction may be granted without requiring an undertaking; the power exercised in such case being analogous to that of the Surrogate's Court, under section 2481, subd. 4, and section 2650, providing for the suspension of an executor's powers, etc.

3. COURTS—CO-ORDINATE PROBATE JURISDICTION—SUSPENSION OF SURROGATE'S COURT'S JURISDICTION.

Where, in an action under Code Civ. Proc. § 2653a, added by Laws 1892, p. 1136, c. 591, providing for the determination in the Supreme Court of the validity of a will admitted to probate, the court enjoins the executor from distributing the testamentary fund, the jurisdiction of the Surrogate's Court is pro tanto suspended, since two courts cannot exercise co-ordinate jurisdiction over the same subject-matter at the same time.

4. WILLS—VALIDITY—PROCEEDINGS TO DETERMINE LIMITATIONS.

An action to determine the validity of a will admitted to probate expressly authorized by Code Civ. Proc. § 2653a, added by Laws 1892, p. 1136, c. 591, to be brought in the Supreme Court, is not limited to one year after the probate, where the will relates to personalty only.

5. SAME—WAIVER.

That all of testator's heirs consented to a decree probating his will does not bar an action under Code Civ. Proc. § 2653a, added by Laws 1892, p. 1136, c. 591, providing for a determination of the validity of a will admitted to probate, nor proceedings to revoke the probate.

6. INFANTS—GUARDIAN AD LITEM—DUTY—WILLS.

In an action under Code Civ. Proc. § 2653a, added by Laws 1892, p. 1136, c. 591, authorizing an action in the Supreme Court to determine the validity of a will admitted to probate, it was proper for the guardian ad litem of a defendant infant heir of testator, in order to protect the infant's interests, to answer joining in the prayer of the complaint, and, if a motion to stay the executor from distributing estate funds was authorized, it was proper for the guardian to make it, regardless of his motive, whether to harass the estate or not.

Action by Joseph Shea against George P. Bergen, executor of Ann Shea, and others.

The action in which this motion is made is brought under section 2653a of the Code of Civil Procedure to determine the invalidity of the probate of the will of Ann Shea, deceased. The motion is made by the guardian ad litem of Samuel J. Campbell, an infant defendant (who by answer joins in the prayer of the complaint), to stay the defendant P. Bergen as executor from distributing or paying out any moneys of the estate to legatees pending the determination of the action. Motion granted.

James M. Seaman, for the motion.
Alfred T. Davison, opposed.

SCUDDER, J. The estate of deceased consists entirely of personal property. Shortly after the commencement of this action the Surro-

gate's Court rendered a decree judicially settling the final accounts of the executor, and directing the distribution of the estate in accordance with the terms of the will. The executor does not deny that, if unrestrained, he will make an immediate distribution of the entire estate under the Surrogate's decree. Section 2653a was added to the Code of Civil Procedure by chapter 591 of the Laws of 1892. It is incorporated in chapter 18 of the Code entitled "Surrogates' Courts and Proceedings Therein," and the subdivision of the chapter in which it is found is article 2 of title 3, entitled "Revocation of Probate." It follows that this section is to be construed with reference to the practice and procedure in the Surrogate's Court, especially that with reference to the revocation of probate.

After the commencement of an action under Code Civ. Proc. § 2653a, the Supreme Court, to protect its jurisdiction over the fund, may enjoin the executor from making distribution thereof. Hawke v. Hawke, 74 Hun, 370, 26 N. Y. Supp. 803; Matter of Hughes' Estate, 41 Misc. Rep. 75, 83 N. Y. Supp. 646. The exercise of such control over the executor is incidental to the court's jurisdiction over a probate matter conferred upon it by special statute. Such injunction may be granted without requiring an undertaking. The power the Supreme Court exercises in such a case is analogous to that of a Surrogate's Court. See Code Civ. Proc. § 2481, subd. 4; Id. § 2650. Upon the granting of such injunction the jurisdiction of the Surrogate's Court is pro tanto suspended, since two courts cannot exercise co-ordinate jurisdiction over the same subject-matter at the same time.

It is claimed in opposition to the motion that, since the will relates to personal property only, the time within which the action could be brought was limited to one year after the will was admitted to probate. In support of this position the following cases are cited: Long v. Rodgers, 79 Hun, 141, 29 N. Y. Supp. 981; Katz v. Schnaier, 87 Hun, 346, 34 N. Y. Supp. 315; Snow v. Hamilton, 90 Hun, 162, 35 N. Y. Supp. 775. The subsequent amendment of section 2626 of the Code by Laws 1897, p. 710, c. 598, and of section 2653a by Laws 1897, p. 783, c. 701, would seem to make these cases no longer applicable. In Matter of Wohlgemuth, 110 App. Div. 644, 97 N. Y. Supp. 367, affirmed 184 N. Y. 578, 77 N. E. 1198, without opinion, the court, after quoting the above and other relevant sections of the Code, says at pages 648, 649, of 110 App. Div., at page 370 of 97 N. Y .Supp.:

"It follows that the decree admitting a will to probate so far as it relates to personal property is final and conclusive until reversed upon appeal or revoked by the Surrogate; that a person interested in the estate may proceed within a year by petition for revocation, whereupon a trial de novo may be had (Code Civ. Proc. § 2651), or may move on like conditions as in a court of record 'to open, vacate, modify or set aside' the decree, or may, within two years, bring an action in the Supreme Court to determine the validity of the will. Unless tested in some one of these ways, however, it is 'conclusive as an adjudication upon all the questions determined by the Surrogate pursuant to this article.'"

It is further alleged in opposition to the motion that upon the probate of the will all of the next of kin of deceased, being of full age, including the mother of the infant Campbell, duly waived the issue and service of citation and consented to the entry of a decree admitting the will

to probate without further notice to them. Such waiver does not in terms or by implication waive the right to institute proceedings for the revocation of the probate of the will, or the institution of an action under section 2653a. Evidence which would support a contest of the will may not have been discovered until after the probate. The facts and circumstances which attended the execution of these waivers and the effect which is to be given them can be best determined on the trial.

It is unnecessary to recite the facts set up in opposition to the motion upon which the defendant executor charges collusion between the guardian ad litem and the plaintiff's attorney to harass the estate. It was the duty of the guardian ad litem, in order to protect the interests of the infant, to interpose an answer joining in the prayer of the complaint, and, if the present motion is authorized by the practice and procedure of the court, it was the duty of the guardian ad litem to make it for like reason. It matters not what the motive of the guardian ad litem may have been in so acting, if the acts themselves were lawful and proper.

Motion granted. No costs.